UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMUEL BARMAPOV,

                  Plaintiff,

        - against -

POLICE OFFICER JOSEPH BARRY, SHIELD #
11259, personally and in his official capacity as a
New York City Police Officer,

                  Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-03390 (RRM) (RML)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 0 5 2011 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

On July 14, 2009, Samuel Barmapov ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights and seeking damages. In his complaint, Plaintiff named as defendants the City of New York, the New York City Police Department, and Police Officer Joseph Barry. On August 13, 2009, this Court dismissed *sua sponte* Plaintiff's claims against the City of New York and the New York City Police Department pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) for failure to state a claim upon which relief can be granted. On May 12, 2010, the remaining defendant, Joseph Barry ("Defendant"), filed a motion to dismiss Plaintiff's complaint for failure to state a claim. This Court has reviewed Plaintiff's complaint, and finds that Plaintiff has failed to state claims for false imprisonment, false arrest, malicious prosecution, malicious abuse of process, and denial of the right to a fair trial. Accordingly, Defendant's motion is GRANTED, and the Complaint is DISMISSED in its entirety.

## BACKGROUND

Plaintiff alleges that on January 26, 2009, Defendant unlawfully arrested him for Falsely Reporting an Incident in the 3rd Degree, New York Penal Law § 240.50(3), and for Leaving the Scene of an Accident, New York Vehicle and Traffic Law § 600(1)(A). (Compl. at 4.) For the purposes of this motion to dismiss, this Court accepts as true the facts alleged in Plaintiff's complaint. Plaintiff claims that, before his arrest, he crashed into a parked car while trying to avoid a car that swerved in front of him. (*Id.* at 6.) As a result of the accident, Plaintiff became involved in a verbal altercation with the person who swerved in front of him, which escalated when the driver "started to hit [Plaintiff] and then, after trying to defend [him]self, [he] lost [his] shoes and [his] clothing was torn." (*Id.*) Thereafter, Plaintiff went to a friend's house, and then to a satellite police station on Richmond Avenue in Staten Island to report what had happened. (*Id.*)

Although the sequence of events is somewhat unclear, it appears that Defendant asked Plaintiff to describe the incident as they stood outside the police station. (*Id.*) According to court records attached to the complaint, Defendant claims Plaintiff first told him that he "was robbed, [and that] they took [his] cell phone and [his] wallet." (*Id.* at Ex. B.) Defendant then went inside the station for several minutes, leaving Plaintiff standing outside on a winter evening, and, when Defendant returned, he accused Plaintiff of fabricating his story. (*Id.*)[1] Defendant then told Plaintiff to continue standing outside of the police station, telling him not to leave, and that Plaintiff would not be allowed inside until "we get the whole story str[a]ight." (*Id.* at 6, 7.) Plaintiff further claims that Defendant said, "If you say that you made up the whole story, I'll let you go," to which Plaintiff allegedly responded, "Ok, 'I made up the whole story.'"

---

[1] Apparently Defendant had witnessed the aftermath of Plaintiff's car accident, and had deduced that he had left the scene. (*Id.* at 5 & Ex. C.)

2

(*Id.* at 2, 5–7.) [2] Defendant then arrested Plaintiff for falsely reporting that someone stole his cell phone and wallet, and for leaving the scene of an accident. (*Id.* at 4–5 & Ex. A.)

Plaintiff claims that Defendant did not have probable cause to arrest him. (Compl. at 1, 4.) On September 8, 2009, Plaintiff was convicted by guilty plea of one count of Falsely Reporting an Incident in the 3rd Degree, New York Penal Law § 240.50. (Def's Motion to Dismiss at Ex. C.)[3] The court sentenced him to ninety days imprisonment and fined him $500. *Id.*

On the basis of these facts, Plaintiff asserts § 1983 claims against Defendant for false arrest, false imprisonment, malicious prosecution, denial of his right to a fair trial, and malicious abuse of process. (*Id.* at 1–7.) On March 3, 2010, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to F.R.C.P. 12(b)(6). Plaintiff has not opposed Defendant's motion.[4]

## **STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by F.R.C.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] Court records attached to the complaint indicate that Defendant claims Plaintiff told him that "[he] made up the whole story because [he] didn't want to get in trouble for leaving the accident." (*Id.* at Ex. B.)

[3] In the context of a motion to dismiss, this Court may consider facts alleged in the complaint, documents attached to the complaint or incorporated by reference, and matters of which courts may take judicial notice. *See Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Vasquez v. City of N.Y.*, No. 99-CV-4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *3 n.1 (S.D.N.Y. June 29, 2000) (explaining that it "is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)" (citations and internal quotation marks omitted)). Here, the Court takes judicial notice of Plaintiff's guilty plea, conviction, and sentence. *See Williams v. City of N.Y.*, No. 07-CV-3764 (RJS), 2008 U.S. Dist. LEXIS 59932, at *5 (S.D.N.Y. Aug. 7, 2008) (taking judicial notice of plaintiff's conviction and incarceration).

[4] As required by Local Civil Rule 12.1, Defendant expressly informed Plaintiff that this Court might dismiss his claims were he not to oppose Defendant's motion. (*See* Doc. No. 16.)

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). In other words, trial courts hold *pro* se complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260

F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

Plaintiff asserts § 1983 claims against Defendant for false arrest, false imprisonment, malicious prosecution, denial of his right to a fair trial, and malicious abuse of process. (*Id.* at 1–7.)

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

It is well-established that "Section 1983 itself creates no substantive rights, [but] . . . provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To state a claim under § 1983, a plaintiff "must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985), *modified*, 793 F.2d 457 (2d Cir. 1986) (citation omitted).

1. Application of the *Heck* Rule

Defendant contends that Plaintiff's § 1983 claims against Defendant are barred by the Supreme Court's ruling in *Heck v. Humphrey* and its progeny. 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87. "Disposition of the case on *Heck* grounds . . . warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of habeas corpus.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487).

Defendant argues that Plaintiff's guilty plea and conviction provides Defendant with a complete defense to claims for false arrest, false imprisonment, malicious prosecution, malicious abuse of process, and denial of the right to a fair trial, because, if successful, these claims would "imply the invalidity of [his] conviction." (Def's Motion to Dismiss at 6–7 (citing *Heck*, 512 U.S. at 486–87).) The *Heck* bar to § 1983 actions, however, does not apply to former prisoners who are no longer "in custody" because only individuals in state or federal custody can petition for writs of habeas corpus to collaterally challenge their convictions. *See Huang v. Johnson*, 251

6

F.3d 65, 74–75 (2d Cir. 2001) (holding that "where federal habeas corpus is not available to address constitutional wrongs" because "a former prisoner [is] no longer[] 'in custody,'" the former prisoner "may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy" (citations and internal quotation marks omitted)); *see also Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (finding inapplicable the *Heck* bar to bringing a § 1983 claim "[b]ecause [plaintiff] is not and never was in the custody of the State . . . [and] has no remedy in habeas corpus"); *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999).

Here, Plaintiff was convicted by guilty plea on September 8, 2009, and sentenced to ninety days imprisonment. (Def's Motion to Dismiss at Ex. C.) As ninety days after September 8, 2009 have long since elapsed, and there is no evidence that Plaintiff is currently incarcerated, this Court can only conclude that Plaintiff is no longer "in custody." Thus, *Heck* does not preclude Plaintiff from advancing claims against Defendant in a § 1983 action because Plaintiff cannot challenge his conviction through a habeas petition. *See Davis v. Travis*, No. 07-CV-3047 (WHP), 2008 U.S. Dist. LEXIS 99801, *6 (S.D.N.Y. Dec. 3, 2008) (noting that the *Heck* "bar does not apply to former prisoners, who are no longer in custody"). Accordingly, Plaintiff's § 1983 claims must be allowed to proceed, and this Court now turns to the merits of each claim.

2. False Arrest

To state a claim under § 1983 for false arrest, the plaintiff must show a violation of his Fourth Amendment right to be free from unreasonable seizures, "which includes the right to remain free from arrest absent probable cause." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "In analyzing § 1983 claims for

unconstitutional false arrest, [courts] have generally looked to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) (citations omitted). Under New York law, "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Weyant*, 101 F.3d at 852 (citation omitted).

A claim for false arrest must be dismissed if the defendant had probable cause to arrest the plaintiff. *See Weyant*, 101 F.3d at 852. In the Second Circuit, an uncontroverted conviction for the crime of arrest is conclusive evidence that the arresting officer had probable cause to make the arrest. *See Cameron v. Fogarty*, 806 F.2d 380, 387–89 (2d Cir. 1986), *cert. denied*, 481 U.S. 1016 (1987) (adopting the "common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, . . . that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested") (citing *Broughton v. State*, 37 N.Y.2d 451, 458 (1975)). Here, Plaintiff's conviction by guilty plea conclusively establishes that Defendant had probable cause to arrest him.[5] *See* Def's Motion to Dismiss at Ex. C; *King v. City of New York*, No. 99-CV-3669 (JG), 2007 U.S. Dist. LEXIS 23095, *32 (E.D.N.Y. Mar. 30, 2007) ("A valid guilty plea can provide a defense to a false arrest claim." (citing *Cameron*, 806 F.2d at 388)). Accordingly, Plaintiff's § 1983 claim for false arrest is dismissed.

### 3. False Imprisonment and Malicious Prosecution

---

[5] It is true that Plaintiff pleaded guilty to Falsely Reporting an Incident in the 3rd Degree, but that Defendant also arrested him for Leaving the Scene of an Accident. (Compl. at 4.) It does not follow, however, that Plaintiff's conviction for one crime fails to demonstrate that Defendant had probable cause to arrest him for the other crime. The common law conviction defense adopted by the Second Circuit in *Cameron* does not require Plaintiff to have been convicted of "exactly the same charge for which he was arrested." *Hope v. City of N.Y.*, No. 08-CV-5022 (BMC), 2009 U.S. Dist. LEXIS 123767, *7 n.4 (E.D.N.Y. Jan. 22, 2009). This Court need only consider whether "as a total transaction . . . the activity forming the basis for the arrest is the same as the activity to which [Plaintiff] pleaded guilty." *Id.* Here, Defendant arrested Plaintiff for two crimes that are inextricably linked to the same transaction—Plaintiff's decisions to flee the scene of the accident and then to report falsely that he did so because someone robbed him.

For the same reasons as discussed above, Plaintiff's claims for false imprisonment and malicious prosecution also fail as a matter of law. *See Smith v. P.O. Canine Dog Chas, Shield No. 170*, No. 02-CV-6240 (KMW) (DF), 2004 U.S. Dist. LEXIS 19623, at *18–20 (S.D.N.Y. Sept. 28, 2004) ("To the extent that [the plaintiff] is attempting to plead Section 1983 claims for false arrest, false imprisonment, or malicious prosecution . . . such claims cannot stand because [the plaintiff's] guilty plea establishes that there was probable cause for his arrest." (collecting cases)). Plaintiff's claim for malicious prosecution fails for an additional, independent reason. "A plaintiff alleging the constitutional tort of malicious prosecution in an action pursuant to § 1983 must establish termination of the prosecution in his favor," *Hygh v. Jacobs*, 961 F.2d 359, 367 (2d Cir. 1992), which is accomplished "only when their final disposition is such as to indicate the accused is not guilty." *Singleton v. City of N.Y.*, 632 F.2d 185, 195 (2d Cir. 1980). Here, Plaintiff cannot demonstrate a favorable termination of his case because his conviction by guilty plea remains unchallenged. For these reasons, Plaintiff's § 1983 claims for false imprisonment and malicious prosecution are dismissed.

4. Malicious Abuse of Process

To state a malicious abuse of process claim, a plaintiff must demonstrate that the defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003) (citation and internal quotation marks omitted). "The pursuit of a collateral objective must occur after the process is issued; the mere act of issuing process does not give rise to a claim." *Lopez v. City of New York*, 901 F. Supp. 684, 691 (S.D.N.Y. 1995) (citing *PSI Metals v. Firemen's Insurance Co. of Newark, N.J.*, 839 F.2d 42, 43 (2d Cir. 1988)).

9

Plaintiff has not sufficiently pled a claim for malicious abuse of process. Specifically, Plaintiff has failed entirely to explain what "collateral objective" Defendant might have had in arresting him. *See Savino*, 331 F.3d at 77 ("[T]o state a claim for abuse of criminal process, .... [Plaintiff] must claim that [Defendant] aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution."). Instead, Plaintiff states only that Defendant "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." (Compl. at 3.) Such conclusory allegations do not provide the Court with any means to assess Defendant's motive for making the arrest. Indeed, Plaintiff's complaint contains nothing more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, [which] do[es] not suffice" to state a claim for malicious abuse of process. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Duamutef v. Morris*, 956 F. Supp. 1112, 1119 (S.D.N.Y. 1997) ("[A *pro se*] complaint which alleges [the collateral objective element of malicious abuse of process] in wholly conclusory terms may safely be dismissed on the pleadings alone." (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983))). Accordingly, Plaintiff's § 1983 claim for malicious abuse of process is dismissed.

5. Denial of Right to a Fair Trial

In his complaint, Plaintiff cites *Ricciuti v. New York City Transit Authority* for the proposition that he can assert a claim under § 1983 for violation of his rights to a fair trial even though he pled guilty before a trial took place. 124 F.3d 123, 130 (2d Cir. 1997). In *Ricciuti*, the prosecution dropped all charges against the plaintiff before trial, but the Second Circuit nevertheless permitted the plaintiff to bring a § 1983 claim for denial of his right to a fair trial against a police officer whom the plaintiff claimed fabricated incriminating evidence. *See id.* at 127. Here, Plaintiff alleges that Defendant coerced from him a fabricated, false confession by

10

exposing him at length to freezing temperatures. Plaintiff's reliance on *Ricciuti*, however, is misplaced for two independent reasons: first, Plaintiff's guilty plea precludes him from alleging that his confession was fabricated and, second, Plaintiff's decision to plead guilty constitutes an independent, superseding cause of his conviction and incarceration.

Under New York law, in order for collateral estoppel to preclude the relitigation of an issue, two requirements must be satisfied.[6] "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985) (citations imitted). Both requirements are met here. First, a guilty plea "constitutes an effective judicial admission by a defendant that he committed the acts charged in the accusatory instrument . . . ." *People v. Lee*, 58 N.Y.2d 491, 493–494 (1983); *see also City of New York v. Pollock*, No. 03-CV-0253 (PAC), 2006 U.S. Dist. LEXIS 8391, at *40–44, 46 (S.D.N.Y. Mar. 2, 2006) ("New York authority clearly establishes that where there have been detailed allocutions during formal court proceedings, defendants will be collaterally estopped from denying specific facts to which they allocuted and pled.") (collecting cases). Here, the question of whether Plaintiff's confession was true or fabricated was necessarily answered by his guilty plea, which constitutes an admission that he did, in fact, falsely report that his cell phone and wallet had been stolen. (*See* Def.'s Br. Ex. C (Guilty Plea Tr.), at 4:5–10.) Second, Plaintiff's knowing and voluntary waiver of his right to proceed to trial demonstrates that he had a full and fair opportunity to litigate the issue of his guilt. *See Lennon v. Seaman*, No. 99-CV-2664 (LBS), 2002 U.S. Dist. LEXIS 1237, *13 (S.D.N.Y. Jan. 28, 2002); *see also* Def.'s Br. Ex. C, at 3–4. Accordingly, because Plaintiff

---

[6] Although Defendant did not raise collateral estoppel, "a district court may raise the issue of collateral estoppel *sua sponte*." *Swiatkowski v. Citibank*, No 10-CV-114 (JFB), 2010 U.S. Dist. LEXIS 107317, at *42 (E.D.N.Y. Oct. 7, 2010) (citing *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998)).

admitted that his confession was true by pleading guilty, "the alleged constitutional violation" – that Defendant fabricated a *false* confession – was "necessarily answered by the admission of guilt." *Powers v. Coe*, 728 F.2d 97, 102 (2d Cir. 1984) (citing *Haring v. Prosise*, 462 U.S. 306, 318–23 (1983)). Since "a federal court must give a state court judgment the same preclusive effects as would be given that judgment under the law of the state in which the judgment was rendered," Plaintiff is now precluded from arguing that Defendant coerced from him a false confession in violation of his right to a fair trial. *Summerset v. McGuire*, No. 80-CV-0577, 1989 U.S. Dist. LEXIS 19056, *8 (E.D.N.Y. July 19, 1989).

Moreover, Plaintiff's claim fails for a second, independent reason: namely, he is unable to show that the purportedly fabricated evidence caused the harm for which he seeks relief. "[W]hile there is no constitutional right to be free from having evidence fabricated against an individual, the offense rises to a constitutional violation [only] if one is deprived of his liberty *because of the fabrication*." *Henry v. City of New York*, No. 02-CV-4824 (JSM), 2003 U.S. Dist. LEXIS 15699, *12 (S.D.N.Y. Sept. 5, 2003) (emphasis added) (citing *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000)). Here, the deprivation of Plaintiff's liberty was ultimately caused, not by purportedly fabricated evidence, but by his decision to plead guilty. Since Plaintiff's guilty plea constitutes a "superseding cause of [Plaintiff's] conviction and imprisonment," Defendant cannot be held liable under §1983 for damages arising out of Plaintiff's conviction and incarceration.[7] *Townes v. City of N.Y.*, 176 F.3d 138, 147 (2d Cir. 1999). This is because "the chain of causation" between Defendant's purportedly unlawful activity and Plaintiff's "subsequent conviction and incarceration is broken by [Plaintiff's] intervening exercise of

---

[7] As discussed above, Plaintiff has failed to state claims under §1983 for false arrest and false imprisonment because his conviction establishes that Defendant had probable cause to arrest him. Apart from his arrest, Plaintiff has not alleged that he was deprived of his liberty before he pled guilty. Accordingly, Plaintiff has only sought damages for deprivation of his liberty arising out of his conviction and incarceration.

12

independent judgment" to plead guilty. *Id.* (citation omitted); *see also Hayes v. Perotta*, No. 09-CV-2458 (KMK), 2010 U.S. Dist. LEXIS 124187, *17 (S.D.N.Y. Sept. 30, 2010) (applying *Townes* to hold that plaintiff failed to state a claim under §1983 against defendant because plaintiff's guilty plea constituted a superseding cause of his conviction and incarceration).

For each of these reasons, Plaintiff's § 1983 claim for denial of his right to a fair trial is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion (docket no. 16) is GRANTED, and Plaintiff's complaint is DISMISSED in its entirety. The Clerk of Court is directed to mail a copy of this Order to Plaintiff *pro se*, together with any accompanying Judgment, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
January 3, 2011

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge